While there is evidence that the appellant was aware that his ex-wife was transporting drugs, the state's case against the appellant was not exceptionally strong, as the not-guilty verdict on two of the counts indicates. This case is even more troubling because the appellant has been treated much more harshly than Connie Riggs has, and there is little or no evidence to contradict the appellant's contention that his ex-wife is primarily responsible for the cocaine in the instant case. However, we are rightfully wary of second-guessing the jury, and I concur in the court's judgment because there is evidence to support the verdict. I write separately to emphasize that the evidence supports the inference that the appellant was aware that his ex-wife was on a drug-run when the two were arrested.
In many cases involving constructive possession, there is a tendency to over-emphasize the issue of whether or not the defendant could have exercised "dominion and control" over nearby drugs, without directly analyzing the defendant's knowledge of those drugs. The majority opinion resists this tendency by applying the basic principle behind R.C 2925.01(K) that mere proximity to drugs does not conclusively prove possession. As outlined in the majority opinion, the evidence presented at trial supports the conclusion that the appellant knew that he and his ex-wife were transporting cocaine.
The appellant, on a trip to Florida and North Carolina with his ex-wife, Connie Riggs, knew that Connie's only source of income was from selling drugs and that their trip was being financed entirely by drug money. He had little money and no source of income other than the support he received from Connie. Finally, before going to Florida, the couple was stopping in Washington County to see two of Connie's acquaintances that the appellant knew only as Popeye and Rat. Based on these facts, the jury could reasonably conclude that the appellant knew, and was fully aware, that Connie was probably selling drugs to finance their trip.
In my opinion, there are weaknesses in the evidence that make the issue of whether the appellant's conviction is against the manifest weight of the evidence a close case. However, the evidence presented at trial supports the inference that the appellant was aware that he and Connie were in Washington County for the purpose of selling drugs to finance their trip south. The jury was in the best position to weigh the evidence and judge the credibility of the witnesses, and the evidence in this case does not weigh heavily enough against the jury's verdict to support reversal. Accordingly, I concur in the judgment to affirm the decision of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion. Evans, J.: Concurs with Opinion.
For the Court
 BY: _________________________ William H. Harsha, Judge